States, such prices including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were equal to the invoice unit values plus inland freight as invoiced, but excluding the item invoiced as buying commission.

3. That the appeal may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here in question and that such values were the invoice unit values, plus inland freight as invoiced, but excluding the item invoiced as buying commission.

Judgment will issue accordingly.

(Reap. Dec. 10603)

DESCOWARE CORP. (WESTLAND) v. UNITED STATES

Entry No. 55047, etc.

(Decided October 15, 1963)

*Lawrence & Tuttle* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement listed in schedule "A," attached to and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof are limited to the merchandise appraised in unit values expressed in Belgian francs less 20%, plus export packing.

2. That the said merchandise consists of enamelware exported from Belgium and entered or withdrawn from Customs warehouse for consumption after the effective date of the Customs Simplification Act of 1956. Said merchandise, however, is identified in the Final List published in T.D. 54521.

3. That at the time of exportation of the said merchandise to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Belgium in the usual wholesale

quantities and in the ordinary course of trade, for consumption in Belgium were the appraised unit values, plus 10% sales tax, less 40% discount, plus packing as invoiced.

4. That at the time of exportation of the said merchandise to the United States, there did not exist a higher export value as defined in Sec. 402a(d) of the Tariff Act as amended for such or similar merchandise.

5. That the appeals for reappraisement set forth in the attached Schedule "A" are submitted on this stipulation.

On the agreed facts, I find and hold foreign value, as that value is defined in section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here involved and that such values for the importations covered by the appeals herein were the appraised unit values, plus 10 per centum sales tax, less 40 per centum discount, plus packing, as invoiced.

Judgment will be entered accordingly.

(Reap. Dec. 10604)

JOHN L. WESTLAND & SON, INC. *v.* UNITED STATES

Entry No. 7848.

(Decided October 15, 1963)

*Stein & Shostak* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, that the merchandise and issues in the appeal for reappraisement enumerated in Schedule A attached hereto and made a part hereof are the same in all material respects as the merchandise in issue in *Innocenti Corporation* v. *United States*, Reap. Dec. 9978, 46 Cust. Ct. 662, and *Innocenti Corp.* v. *United States*, Reap. Dec. 10019, 46 Cust. Ct. 705, and that the records in said cases may be incorporated herein.

That at the time of export such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of Italy for home consumption or for export to the United States nor was it freely offered for sale to all purchasers in the principal market of the United States for domestic consumption.